## Wytheville.

### BAILY v. CHANCELLOR'S EX'OR.

#### June 16th, 1892.

CONTRACT—*Construction—Case at bar.*—B covenanted to pay C a certain sum on condition that he came into "free and full possession" of a certain estate, in consideration that C released L of a debt of a larger amount. B did shortly come into possession of the estate, but not without great expense in litigation. C's executor sued B on the covenant. B set up as his defence that he did not come into "full and free possession" of the estate, because of said expense of litigation.

HELD:

The defence was untenable.

Argued at Richmond.   Decided at Wytheville.   Error to judgment of circuit court of city of Fredericksburg, rendered at its November term, 1890, in an action of covenant, wherein George E. Chancellor's executor was plaintiff and Chancellor Baily was defendant.   The judgment being adverse to the defendant, he appealed.   Opinion states the case.

*Marye & Fitzhugh, A. B. Rawlings,* and *J. G. Mason,* for plaintiff in error.

*Little & Little,* for defendant in error.

LACY, J., delivered the opinion of the court.

The suit was an action of covenant in the said court, brought by the defendant in error against the plaintiff in error, on the following agreement in writing:

" Whereas Thomas S. Love is indebted to George E. Chancellor in sundry sums, amounting in the aggregate to one thousand and thirty-nine dollars and seventy-six cents ; and whereas the said George E. Chancellor is willing to release and acquit the said Thomas S. Love of said indebtedness, and accept in lieu thereof the personal obligation of myself for the sum of one thousand dollars : Now, therefore, I, Chancellor Baily, for and in consideration of said release and acquittal of the said Thomas S. Love, do, by these presents, covenant and agree to pay the said George E. Chancellor the said sum of one thousand dollars, upon the following conditions—to-wit : First. Provided that said sum of one thousand dollars shall bear no interest whatever from this date until time of its payment. Secondly. Payment of said sum shall not be required or demanded until I shall come into free and full possession of all that part of the estate of Alexander Lorman, deceased, from which my mother, Mrs. Margaret L. Baily, has been drawing the income. Thirdly. The said sum shall not. be paid at all unless I shall become thus possessed of the said part, or share, of said estate of Alexander Lorman, deceased. But, upon such possession, this obligation shall have the full force and meaning of a bond. Given under my hand and seal this 9th day of March, 1887.

" CHANCELLOR BAILY, [Seal.]"

" In view of the above act of kindness on the part of Chancellor Baily, to which he is not constrained by any legal obligation to me, I promise that I will not again appeal to him for pecuniary assistance or aid. Given over my signature this 9th day of March, 1887.

" THOMAS S. LOVE."

At the trial a jury was waived, and the whole matter of law and fact was submitted to the court by agreement of the par-

ties, and by agreement all the evidence was reduced to writing; and the court, being of that opinion, rendered judgment for the plaintiff for $1,000, with interest from December 1, 1887, until paid, the interest being allowed as damages. Whereupon the, defendant applied for and obtained a writ of error to this court.

The evidence shows that the life tenant, Mrs. Baily, referred to in the foregoing agreement, died six days after its execution, and that the Thomas S. Love referred to therein brought his suit against Baily on the 15th of April, 1887—less than one month afterwards—to prevent Baily from receiving the whole Lorman fund held for Mrs. Baily during her life, and at her death the share to which she was entitled " to go to the child or children of said Mrs. Baily, their heirs or assigns, absolutely." The Lorman will provided that, in default of issue, or descendants of such issue, the fund should go to a blind asylum. Mrs. Baily had two children. One was Mrs. Thomas Love, who had died a few days before the 9th of March, 1887, (the date. of the agreement,) and Baily was then the sole surviving child of Mrs. Baily, and Mrs. Baily was sick and expected to die, as she did soon after. If Baily had died before his mother, he would have received nothing, and nothing would have gone to his estate from this fund. It was not probable, however, that this circumstance was accounted of much importance, as it seems to be conceded that Mrs. Baily's life had then been despaired of. Love, however, was claiming in right of his wife to be entitled, as her surviving husband, to one half of the fund, notwithstanding she had died before the contingency happened upon which she was to take. The Love suit in Baltimore was decided in Love's favor in the lower court (the circuit court of Baltimore city), which decision was reversed on appeal to the court of appeals of Maryland, and finally decided in favor of Baily; so that Baily received the whole fund held for his mother during her life,

less the cost and expenses incident to the litigation. During this litigation George E. Chancellor died, and when the matter was finally ended his executors brought this suit. Chancellor being dead, Baily could not testify, and we have no testimony from either, and must consider the case upon the written evidence. The record shows that after the final decision of the case of *Baily* v. *Love*, 11 Atl. Rep. 280, in the old suit of *Roberts* v. *Torrance*, had been rendered in the court of appeals of Maryland, Baily filed his petition in the circuit court of Baltimore city to obtain the fruits of the litigation. In this he claims that he has recovered the whole share of Margaret Baily, deceased, less costs, and a small sum to go to her administrator; and the court so decreed the fund without division. His defense now is that he did not receive free and full possession of the share of his mother, because of the expenses of the litigation to get possession of it, which he says might have been the full one half of the fund. It might have been one half, or it might have been less, as it was very much less, although actually large; but, of necessity, and in the nature of things, it must have cost something to change the possession. He knew the fund was held in the hands of trustees, acting under the orders of the court, and he must have known that it would have cost something to get this fund into his possession, and he wrote the paper in question. If he intended to make the payment of this $1,000 conditional upon his not having to pay anything to get the fund, it would have been fairer to Chancellor to have added that among the other conditions. And if he had intended to bind Love not to set up any adverse claim to him, as a condition to the agreement with Chancellor, that agreement should have been added. Love was required to, or did promise, not to appeal to him for any more aid, and acknowledged that the agreement on the part of Baily was a gratuitous act of kindness; but it is neither insisted that Baily is to have no expense

in asserting his rights, nor that Love is to abandon any of his legal rights, real or supposed. However voluntary the transaction was on the part of Baily, it was a valid agreement by him to pay the debt of another, for which Chancellor paid a valuable consideration in the release of a debt of greater value or amount. Love was the brother-in-law of Baily, in unhappy circumstances. He had just lost his wife (Baily's sister), and with her a large estate, which, by this chance, had fallen on Baily; and Baily was willing to give a part of it to Love when he received it, but not before, and so he inserts provisions to that end. He is not to pay this money for Love until he actually and fully gets possession of what came so near being the property of Mrs. Love; and around this idea of getting possession of the share which Mrs. Love would have had if she had lived a few days longer, without division, this agreement revolves in various forms. And that is what all these cautious promises mean. If any other conditions had been in the mind of the contracting parties at the time of the agreement, they should have been inserted in the written agreement. Baily has received the consideration in the release of the debt of his connection, and the conditions of his agreement have been fulfilled. He is the unchallenged owner of his mother's share of the Lorman estate. In that sense it is free and full, and Chancellor's administrator is entitled to have the contract of Baily, made with Chancellor in his lifetime, enforced. If Love in any wise acted badly in bringing a suit against his brother-in-law, Baily, after his gratuities, that was not the act of Chancellor; and, if it had been, it would not have altered the case, as no agreement had been made by either to the contrary.

It follows that the judgment of the circuit court of the city of Fredericksburg is right, and must be affirmed.

JUDGMENT AFFIRMED.